2010 AUG 12 P 12:25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

## LLOYD D. GEORGE U.S. COURTHOUSE

| | |
|---|---|
| **RICKY A. DAVID,** <br><br>     Plaintiff, <br><br>     v. <br><br> **HSBC BANK USA, N.A., NATIONAL DEFAULT SERVICING CORPORATION, AMERICAN SERVICING COMPANY, UNIVERSAL AMERICAN MORTGAGE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1-10** <br><br>     Defendants, | 2:10-cv-01373-GMN-PAL |

RICKY A. DAVID
7125 PUETOLLANO DRIVE
NORTH LAS VEGAS, NV 89084
Attorney pro se
Tel. 702-348-9767

## COMPLAINT

PLAINTIFF RICKY A. DAVID, sues defendants HSBC BANK USA, N.A., NATIONAL DEFAULT SERVICING CORPORATION, AMERICAN SERVICING COMPANY, REMAX REALTY, SILVER STATE FINANCIAL SERVICES, UNIVERSAL AMERICAN MORTGAGE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOES 1-10. for money damages and states:

## JURIDICTION AND VENUE

1. This is an action for money damages in excess of $25,000.
2. At all times material to this lawsuit, RICKY A. DAVID was a resident of Clark County, Nevada.
3. The underlying property of this controversy is located in the jurisdiction of the UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA, County of Clark, Nevada.
4. The Clark County is the location of the real property located at 7125 Puetollano Drive, North Las Vegas, NV 89084.
5. This court has subject matter jurisdiction over this action under 28 U.S.C. sec. 1331 because the claims for relief arise under 12 U.S.C. sec 2605 and 12 U.S.C. sec 2601.

## THE PARTIES

6. Plaintiff, RICKY A. DAVID is the owner of the property identified in the Clark County land records as Aliante North Parcel 19 Plat Book 119 Page 28 Lot 7 Block 1 GEOID PT N2 NE4 SEC 19 19 61, commonly known as 7125 Puetollano Drive, North Las Vegas, NV 89084.
7. Plaintiff, RICKY A. DAVID resides at 7125 Puetollano Drive, North Las Vegas, NV 89084.
8. Defendant HSBC Bank USA, National Association, (hereinafter "HSBC") maintains a principal place of business at One HSBC Center 2 West Wing – Lockbox Buffalo, NY 14203.
9. Defendant National Default Servicing Corporation, (hereinafter "NDSC") maintains a principal place of business at 7720 N. 16th Street, Suite 300, Phoenix, Arizona 85020.
10. Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. refers to itself and is hereinafter also referred to as ("MERS") is organized and existing under the Laws of Delaware, and maintains its address at P. O. Box 2026 Flint, Michigan 48501-2026.
11. Defendant UNIVERSAL AMERICAN MORTGAGE COMPANY, (hereinafter "UAMC") located at 6750 Via Austi Parkway, Las Vegas, NV 89119-3565 maintains a principal place of business at 1725 W. Greentree Drive, Suite 124, Tempe, AZ 85284
12. Defendants DOES 1-10

## GENERAL AND FACTUAL ALLEGATIONS

13. The loan was originated by UNIVERSAL AMERICAN MORTGAGE COMPANY, from the local office located at 6750 Via Austi Parkway, Las Vegas, NV 89119-3565.

14. The Lender was Silver State Financial Services, Inc, DBA Silver State Mortgage (a now defunct corporation).
15. Silver State Financial Services, Inc, DBA Silver State Mortgage, operated offices located at 2485 Village View Drive, 3rd Floor, Henderson, NV 89074 in September 2006.
16. The Deed of Trust dated September 27, 2006 lists the lender Silver State Financial Services, Inc, DBA Silver State Mortgage.
17. "MERS" MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC is listed as the beneficiary on the the Deed of Trust dated September 27, 2006.
18. "MERS" MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC was not registered with the Secretary of State in Nevada during all material times.
19. "MERS" MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC was not registered with the Secretary of State in Nevada at the time the Trustee's Notice of Sale was filed and recorded.
20. Silver State Financial Services, Inc, DBA Silver State Mortgage the loan original lender rarely lend their own money as evidenced by their disclosure that 100% of their loans originated in 2003, 2004 and 2005 were sold.
21. The Deed of Trust dated September 27, 2006 lists the trustee as North American Title Company 6750 Via Austi Parkway, Las Vegas, NV 89119
22. The loan was originated, funded, sold on multiple occasions and is purported to currently be owned by HSBC Bank USA, National Association, One HSBC Center 2 West Wing – Lockbox Buffalo, NY 14203.
23. American Servicing Company is purported to be the current loan servicer however, despite numerous requests for Proof of Ownership and Holding American Servicing Company have failed to provide proof of ownership and possession of the "Note".
24. Defendants have proven a pattern and practice of noncompliance with regulatory statutes.
25. Defendants have a history predatory lending and fraudulent foreclosure practices.
26. On numerous occasions American Servicing Company was contacted by Plaintiff to make arrangements to bring arrears payments current.
27. Plaintiff has provided American Servicing Company all documents requested for the purpose of completing a loan modification numerous times.
28. Plaintiff has reason to believe that Defendants are not in possession of the "Note" in due course.
29. Plaintiff alleges that Defendants must be in possession of the "Note" in due course in order to foreclose.

# FIRST CAUSE OF ACTION
# FRAUDULENT FORECLOSURE

30. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations and refers to 1-29 inclusive as if set forth the same.

31. Plaintiff alleges Defendants did not possess lawful authority to proceed with a foreclosure on the above referenced property.

32. Plaintiff alleges that Defendants knowingly initiated a foreclosure without being in possession of the "Note".

33. Plaintiff alleges that Defendants without being in possession of both the "Note" and the "Deed of Trust" do not have proper basis to initiate a foreclosure.

34. Plaintiff alleges that "MERS'" claim to own legal title to a mortgage loan's security interest, divorced from the Promissory Note and entitlement to receive loan payments is in direct tension with precedent that has been well settled for over one hundred years.

35. Plaintiff alleges that Defendant "MERS" membership rules require any member commencing a foreclosure must be in possession of the "Note" in order to bring forth a foreclosure in the name of "MERS". As Defendants have been unable or unwilling to provide proof of possession of the "Note" Plaintiff questions the location, possession and existence of the "Note".

36. Plaintiff alleges that "MERS" at the time of the creation of the deed of trust dated 9/27/2006 was not licensed or registered with the Secretary of State of Nevada to do business in the state of Nevada.

37. Plaintiff alleges that the Defendants did not comply with NRS requirements for foreclosure procedures.

38. Plaintiff alleges that Defendant "MERS" has no authority to bring foreclosure proceedings in the name of "MERS" as well documented in numerous cases as well as FANNIE MAE's recent revocation of "MERS'" authorization to proceed with any judicial or non-judicial foreclosures in which FANNIE MAE is the owner of the loan as referenced by FANNIE MAE's announcement SVC-2010-5 dated March 30, 2010.

39. As a direct result of the Defendants' actions Plaintiff has suffered damages. WHEREFORE Plaintiff demands judgment against Defendants, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# SECOND CAUSE OF ACTION
# FAILURE TO COMPLY WITH "RESPA" RULES

40. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations and refers to 1-39 inclusive as if set forth the same.

41. Kickbacks and referral fees prohibited -- Generally, the paying or receiving of any fee or thing of value for the referral of business related to the settlement without rendering a service is a RESPA violation. It is key that any payment is in return for a service provided. Settlement services are broadly defined to include more than just the traditional services performed by a lender, mortgage broker or title company, such as origination, processing, or funding a loan. Rendering credit reports, termite inspections, and home inspections are all considered settlement services. RESPA does permit (1) payments pursuant to cooperative brokerage and referral arrangements or agreements between real estate agents and brokers; (2) payment of any person of a bona fide salary or compensation or other payments of goods or facilities actually furnished or for services actually performed; (3) an employer's payment to its own employees for any referral activities; and (4) any payment by a borrower for CLO services, so long as the disclosure set forth by HUD is provided to the borrower (see below). Fees that are not permitted to be paid or received under RESPA are not legalized by disclosure or consent.
42. Defendants engaged in double charging for the same services without providing any additional service.
43. Defendants charged excessive and predatory fees.
44. Defendants created a Controlled Business Arrangement (CBA) and used this arrangement to bilk the Plaintiff out of thousands of dollars in excessive fees.
45. Defendants did not correctly disclose fees, finance charges.
46. Defendants did not correctly disclose the correct amount financed.
47. Defendants did not correctly disclose the APR (Annual Percentage Rate).
48. As a direct result of the Defendants' actions Plaintiff has suffered damages.  WHEREFORE Plaintiff demands judgment against Defendants, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## THIRD CAUSE OF ACTION
## FRAUD AND INTENTIONAL DECEIT

49. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations and refers to 1-48 inclusive as if set forth the same.
50. The State of Nevada has statutorily prescribed non-judicial foreclosure procedures. Homes are normally foreclosed pursuant to the statutory power of sale, without a pre-foreclosure court hearing.
51. Pursuant to Statutory requirements, entities seeing to exercise a right of foreclosure pursuant to a Deed of trust, [foreclosure on mortgages] must strictly comply with the State's Statutory Prerequisites to foreclosure.

52. The foreclosing entity must have actual assigned legal authority to file the Notice of Default... the power of sale. The statutory power of sale,... in virtually all Nevada residential mortgages provides for foreclosure sales approve by the "beneficiary" and **by the trustee** named in a deed... or if there be a successor trustee duly recorded.

53. Deed of Trusts, rights to exercise a power of sale by the Trustee and dictated by the owner of the note under the contract may be assigned, but a valid written assignment, consistent with the statute of frauds, is a prerequisite to effectuate an assignment.

54. Absent [effective] [perfected] assignment, an entity attempting to avail of any rights of a Trustee has no rights as a "trustee", and there is only one Trustee to act at a time. The trustee... or to send notices required by the statute of fraud, governing the Deed of Trust Contract acknowledged and signed by Plaintiff.

55. A foreclosing trustee and beneficial owner owes the mortgager a duty of good faith and a reasonable diligence in the foreclosure process. Failure to send a legally correct statutorily required notice is inconsistent with the duty of good faith and reasonable diligence.

56. The Defendants owed a duty of good faith and reasonable prudence while doing the diligence in the commencement and conduct of foreclosing proceedings.

57. The complexities of "MERS" Securitization, Credit Default Swaps, Insurance Reimbursements, HAMP Monies, FDIC, the AIG bailout and the Goldman Sachs Mortgage Backed Securities Investment Fraud make the tradition lending practices incongruent.

58. The assignment of a mortgage without a transfer of the Indebtedness confers no right, since debt and security are inseparable and the mortgage alone is not a subject of transfer. A trust deed has no assignable quality independent of the debt; it may not be assigned or transferred apart from the debt; and an attempt to assign the trust deed without transfer of the debt is without effect.

59. The Promissory Note is a negotiable instrument. Transferring a Deed of Trust by itself does not allow enforcement of the instrument unless the Promissory Note is properly negotiated. Where an instrument has been transferred, enforcement abilities based upon possession of the negotiable instrument.

60. None of the Defendants are present holders of the instrument or are non holders in possession with rights of the holder. None of the Defendants are entitled to enforce the instrument.

61. As a direct result of the Defendants' actions Plaintiff has suffered damages. WHEREFORE Plaintiff demands judgment against Defendants, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# FOURTH CAUSE OF ACTION
# GENERAL BREACH OF CONTRACT AND
# BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

62. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations and refers to 1-61 inclusive as if set forth the same.
63. On information and belief, Plaintiff and Lender entered into Loans so as to finance the purchase of the above referenced property.
64. On information and belief, defendants do not have the authority to initiate the foreclosure process.
65. On information and belief, defendants engaged in predatory lending and violated state and federal laws in doing so.
66. As a direct result of the Defendants' actions Plaintiff has suffered damages.  WHEREFORE Plaintiff demands judgment against Defendants, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# FIFTH CAUSE OF ACTION
# QUIET TITLE

67. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations and refers to 1-66 inclusive as if set forth the same.
68. Plaintiff alleges that the Warranty Deed, contains a legal description of the Property.
69. Plaintiff seeks fee simple title over the Trust Deeds.
70. Plaintiff brings this action against Defendants or any other person claiming interest in the Property to quiet title to the Property.
71. Currently the Property is encumbered by the Trust Deeds held by "MERS" MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC as nominee for the Lender.
72. None of the Defendants have any interest in the Notes.
73. Plaintiff seeks an order from this Court to release the Trust Deeds and grant quiet title to the Plaintiff.
74. A lis pendens will be immediately filed against the property.

# FIFTH CAUSE OF ACTION
# DECLARATORY JUDGMENT

75. Plaintiff realleges and restates the foregoing jurisdictional allegations and factual allegations and refers to 1-74 inclusive as if set forth the same.
76. Plaintiff requests a declaration of the parties' rights under the Notes and Trust Deeds considering the foregoing allegations.
77. Plaintiff request a determination of whether Defendant National Default Servicing Corporation had authority to execute, record, and publish the Notice of Default.

Please take note that Plaintiff demands trial by jury in the above mentioned actions.

Wherefore, Plaintiff moves for judgment as follows:

1. Actual Economic and Non-Economic damages.
2. General Damages in excess of the minimum unlimited jurisdiction of this court, but according to proof at trial with such other and further relief as the court may deem reasonable and just under the circumstances.
3. For a declaration of the rights and duties of the parties relative to the Plaintiff's home to determine the actual status and validity of the loan, Deed of Trust, and Notice of Default.
4. For damages as provided by statutes.
5. For an order enjoying the Defendants from continuing to violate the statutes alleged.
6. For punitive damages.
7. For special damages.
8. For an order, restraining defendants and his, hers or its agents, employees, officers, attorneys and representatives from engaging in or performing any of the following acts:
   a. Offering or advertising sale, and
   b. attempting to transfer title to this property
9. To VOID the Trustee's Notice of Sell.
11. For Cost of Suit incurred in this action; and, attorney fees pursuant to Nevada and Federal Civil Code.
12. For other and further relief as to the Court appears proper.

Dated this 11th day of August, 2010

_Ricky David_ (signature)

RICKY A. DAVID

PLAINTIFF AND ATTORNEY pro se