UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICKY A. DAVID,

          Plaintiff,

vs.

HSBC BANK USA, N.A., et al.,

          Defendants.

Case No.: 2:10-cv-01373-GMN-PAL

**ORDER**

Before the Court are three Motions to Dismiss (ECF Nos. 3, 7 & 12) filed by Defendant HSBC Bank USA, N.A. and Defendant Wells Fargo Bank, N.A., which is erroneously named in the Complaint as "American Servicing Company." All three of the Motions to Dismiss seek the same relief: dismissal of Plaintiff's Second Cause of Action, which arises under the Real Estate Settlement Procedures Act ("RESPA"), based on the statute of limitations. Plaintiff has not filed a Response to any of the Motions to Dismiss. For the reasons that follow, the Motions to Dismiss at ECF No. 12 will be GRANTED and the other Motions to Dismiss will be DENIED as moot.

**I.      BACKGROUND**

On August 12, 2010, Plaintiff filed an Application to Proceed *In Forma Pauperis* (ECF No. 1) in this lawsuit. Attached to the Application was a proposed Complaint, in which Plaintiff alleged a number of causes of action against Defendants related to the foreclosure of his mortgage.

Defendants filed a Motion to Dismiss (ECF No. 3) the second cause of action contained in the as-yet-unfiled Complaint on December 1, 2010. On the same date, Plaintiff's Application was denied. (*See* ECF No. 5.) However, Plaintiff paid the appropriate filing fee

on December 23, 2010. (*See* ECF No. 6.)

After the filing fee was paid but before the Clerk's Office docketed the Complaint, Defendants filed a second Motion to Dismiss (ECF No. 7) in which they sought the same relief as in the previous Motion. Shortly thereafter, Plaintiff's Complaint was filed. (*See* ECF No. 11.)

Seven (7) days after the Complaint was filed, Defendants filed a Motion to Dismiss (ECF No. 12) that was substantively identical to the Motion at ECF No. 7. Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen (14) days after service of the Motion to file a Response; therefore, Plaintiff had until March 7, 2011 to file a Response. Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all.

## II.   DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d). As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002). However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Also, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile*

*Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, the Plaintiff's failure to respond to Defendants' Motions has unreasonably delayed the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense," *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The fifth factor also does not weigh in favor of Plaintiff because it appears that Plaintiff's RESPA claim is barred by the applicable one-year statute of limitations, as this lawsuit was not initiated until August of 2010 even though the Deed of Trust was signed in September of 2007.  These four factors outweigh factor (4) and, accordingly, Defendants' Motions to Dismiss at ECF No. 12 will be granted.

## CONCLUSION

**IT IS HEREBY ORDER**ED that Defendants' Motions to Dismiss at ECF No. 12 is **GRANTED**.  Plaintiff's Second Cause of Action is **DISMISSED without prejudice** as to Defendants HSBC Bank USA, N.A. and Wells Fargo Bank, N.A.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss at ECF Nos. 3 and 7 are **DENIED as moot**.

DATED this 3rd day of May, 2011.

_____
Gloria M. Navarro
United States District Judge