**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICKY A. DAVID, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No.: 2:10-cv-01373-GMN-PAL |
| ) | |
| HSBC BANK USA, N.A.; NATIONAL ) | **ORDER** |
| DEFAULT SERVICING CORPORATION; ) | |
| AMERICAN SERVICING COMPANY; ) | |
| UNIVERSAL AMERICAN MORTGAGE ) | |
| COMPANY; MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., WELLS ) | |
| FARGO BANK, N.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This action arises out of foreclosure proceedings initiated against the property owned by *pro se* Plaintiff Ricky A. David. Pending before the Court is the Motion for Summary Judgment (ECF No. 31) filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") erroneously sued as American Servicing Company[1], and HSBC Bank USA, N.A. ("HSBC") (collectively, "Defendants").[2]

**I.     BACKGROUND**

   **A.     Procedural History**

Plaintiff's Complaint asserts six causes of action: (1) Fraudulent Foreclosure; (2) Failure to Comply with "RESPA" Rules; (3) Fraud and Intentional Deceit; (4) General Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Quiet Title; and (6) Declaratory Judgment. (ECF No. 11.) The Court previously granted Defendants'

---

[1] Defendants state in their motion that "America's Servicing Company is the dba for Wells Fargo's servicing arm." (Defs.' Mot. for Summ. J., 9:16 n.3, ECF No. 31.)
[2] The remaining Defendants were dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Order of Dismissal, ECF No. 30.)

Motion to Dismiss Plaintiff's Second Cause of Action, dismissing it without prejudice. (ECF No. 19.) Defendants then filed their Answer to the Complaint. (ECF No. 21.) In September 2011, Defendants Universal American Mortgage Company, Mortgage Electronic Registration Systems, Inc. ("MERS"), and National Default Servicing Corporation were dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Order of Dismissal, ECF No. 30.) At the close of discovery, the remaining Defendants filed the instant Motion for Summary Judgment. (ECF No. 31.) Plaintiff has filed a Response (ECF No. 34) and Defendants filed a Reply (ECF No. 35).

### B. Undisputed Facts

Plaintiff was the owner and resident of the property located at 7125 Puetollano Drive, North Las Vegas, Nevada, 89084, APN #: 124-19-513-007. (Deposition, Ex. B to MSJ, ECF No. 31-2.) In September 2006, Plaintiff obtained two loans in the amounts of $351,450.00 and $87,850.00, secured by Deeds of Trust on the property. (Exs. A, C, to MSJ, ECF Nos. 31-1, 31-5.) The first loan, for $351,450.00, is the subject of the instant litigation. Both Deeds of Trust name Silver State Financial Services, Inc., dba Silver State Mortgage ("Silver State Financial Services"), as the Lender, North American Title Company as Trustee, and MERS as beneficiary solely as nominee for the Lender and the Lender's successors and assigns. (*Id.*) In April 2007, the beneficial interest in the $351,450.00 loan note was transferred to HSBC, and Wells Fargo began servicing the loan as agent for HSBC in July 2007. (Jones Affidavits, Exs. D, E, to MSJ, ECF Nos. 31-6, 31-7.) By March 2009, Plaintiff had failed to make payments on his mortgage, and on March 27, 2009, National Default Servicing Corporation recorded a Notice of Default for the $351,450 loan, as agent for America's Servicing Company, the dba for Wells Fargo's servicing arm. (Notice of Default, Ex. G to MSJ, ECF No. 31-9.) In June 2009, National Default Servicing Corporation, as attorney in fact for MERS as the nominee for Silver State Financial Services, recorded an assignment of the beneficial interest under the Deed of Trust to HSBC, with the signature of President Olivia A. Todd. (Corporation

Assignment of Deed of Trust, Ex. H to MSJ, ECF No. 31-10.) On September 21, 2010, the property was sold at public auction pursuant to the Notice of Trustee's Sale recorded June 21, 2010. (Notice of Trustee's Sale, Ex. L to MSJ, ECF No. 31-14; Trustee's Deed Upon Sale, Ex. N to MSJ, ECF No. 31-16.)

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an

essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

### III.   DISCUSSION

In their Motion for Summary Judgment, Defendants argue that the undisputed material facts show that each of Plaintiff's causes of action fail as a matter of law and that Plaintiff has not met his burden to show a genuine issue of material fact as to his claims. The Court agrees, and grants summary judgment in favor of Defendants on each of Plaintiff's causes of action. In his Response, and in his Deposition, Plaintiff does not challenge the facts as stated by Defendants and as shown in the publicly recorded documents submitted by Defendants.

Instead, in his Response Plaintiff reiterates his argument that Defendants committed fraud by foreclosing on the property without producing the promissory note, citing to Chapters 104 and 107 of Nevada Revised Statutes, as well as to *Leyva v. National Default Servicing Corp.*, 255 P.3d 1275 (Nev. 2011). Plaintiff also submits as an Exhibit the 675-page Form 424B5 SEC filing purportedly associated with his loan. Many Plaintiffs have submitted such documents to the Court, and each time these documents simply do not support causes of action for wrongful or fraudulent foreclosure. In Nevada, production of the loan note is not routinely required outside of the newly enacted foreclosure mediation rules. *See Kwok v. Recontrust Co., N.A.*, No. 2:09-cv-02298-RLH-LRL, 2010 WL 3894183, *2, 2010 U.S. Dist. LEXIS 112500, *7 (D. Nev. Sept. 29, 2010) ("the ever-expanding body of case law within this district holds that the Nevada law governing nonjudicial foreclosure, NRS § 107.080, does not require a lender to produce the original note as a prerequisite to nonjudicial foreclosure proceedings")

(citing *Weingartner v. Chase Home Finance, LLC*, 702 F.Supp.2d 1276, 1280 (D. Nev. 2010)); NRS 107.080.  This case is no exception, and Plaintiff has produced no evidence showing that Defendants were obligated to produce the note before initiating foreclosure proceedings on the property.  The documents and affidavits submitted by Defendants and undisputed by Plaintiff establish compliance with the Nevada foreclosure statutes on the part of Defendants. *See* NRS 107.080.  Defendants also submit a copy of the loan note and Plaintiff's statements confirming his failure to tender mortgage payments.  Accordingly, the Court finds that there is no genuine issue of fact on which Plaintiff might prevail for his causes of action relying on production of the note or statutory defect in foreclosure.  Summary judgment will be granted in Defendants' favor as to Plaintiff's first, fifth, and sixth claims for fraudulent foreclosure, quiet title, and declaratory relief.

Plaintiff's third cause of action for "fraud and intentional deceit" repeats the allegations regarding Defendants' authority under the loan note, and challenges the assignment of the beneficial interest in the note.  Through the affidavit of Jessica Jones, Vice President of Loan Documentation for Wells Fargo, Defendants show that HSBC gained beneficial interest of the loan note in April 2007, prior to the issuance of the Notice of Default. (Jones Affidavit, ¶5, Ex. D to MSJ, ECF No. 31-6.)  A claim for intentional misrepresentation or fraud requires proof of five elements by clear and convincing evidence: (1) Defendants made a false representation; (2) Defendants knew or believed that their representation was false, or Defendants had an insufficient basis of information for making the representation; (3) Defendants intended to induce plaintiffs to act or refrain from acting upon the misrepresentation; (4) Plaintiff justifiably relied upon Defendants' representation; and (5) Plaintiff sustained damages as a result. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998).  Plaintiff provides no basis for the Court to find fraud or intentional deceit in the assignment.  Accordingly, summary judgment will be granted in Defendants' favor as to Plaintiff's third cause of action.

Plaintiff's fifth cause of action for general breach of contract and breach of the implied covenant of good faith and fair dealing alleges that "defendants do not have the authority to initiate the foreclosure process" and that "defendants engaged in predatory lending and violated state and federal laws in doing so." (Compl., ¶¶64, 65.)  In his deposition, Plaintiff admits that he does not claim violations against Defendants for the origination of his loan, since they were not parties to the loan note or deed of trust. (Ex. B to MSJ, ECF No. 31-2.) Instead, Plaintiff claims that Defendants lied to him regarding his application for loan modification.  (Pl.'s Reply to First Set of Interrogatories, ECF No. 23; Ex. O to MSJ, ECF No. 31-17.)  As discussed above, the Court finds that Defendants were authorized to initiate the foreclosure process.  The Court also finds that Plaintiff has not shown any genuine issue of material fact as to whether Defendants engaged in predatory lending in violation of state and federal laws, particularly since Defendants were not parties to the originating loan.  Accordingly, summary judgment will be granted in Defendants' favor as to Plaintiff's fifth cause of action.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (ECF No. 31) is **GRANTED**.  The Clerk shall enter judgment accordingly and this case shall be closed.

DATED this 20th day of September, 2012.

_____
Gloria M. Navarro
United States District Judge